UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ELISHA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-117-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| THE DOW CHEMICAL COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Elisha Mitchell bought a can of Great Stuff foam sealant from the Lowe's Home Improvement Store in Corbin, Kentucky. As it turns out, it was not such great stuff. The can exploded when Mitchell tried to use it, seriously injuring her. She filed suit in Kentucky state court against three defendants: Dow Chemical Company (the maker of Great Stuff), Lowe's, and Jerry Henderson (the manager of the Lowe's store in Corbin). Lowe's and Henderson filed a notice of removal on April 18, 2011, invoking this Court's diversity jurisdiction.[1] R. 1. Because Henderson, like Mitchell, is a citizen of Kentucky, complete diversity is lacking on the face of the complaint. Nevertheless, Lowe's argues that federal jurisdiction is appropriate because Henderson has been fraudulently joined, and thus the

---

[1] From the record, it does not appear that Dow Chemical joined in, or otherwise consented to, the removal. This failure violates the "rule of unanimity," which requires "that all defendants in the action must join in the removal petition or file their consent to removal in writing." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). The Court will not remand this case on this basis, however, because (1) it is a "technical defect in the removal procedure," not a jurisdictional defect, and thus Mitchell's failure to raise the defect within thirty days of removal means it is waived, *id.* at 516-17, and (2) as explained below, because Lowe's has not established that Henderson was fraudulently joined, the Court lacks diversity jurisdiction, and remand is required on that ground.

Court may ignore his non-diverse citizenship. Because Mitchell has at least a colorable claim against Henderson, Lowe's has not met the stringent requirements to establish fraudulent joinder. Mitchell's motion to remand is therefore granted.

**DISCUSSION**

To establish fraudulent joinder, Lowe's must demonstrate that "there is [no] colorable basis for predicting that" Mitchell will be able to recover against Henderson. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The burden of proving fraudulent joinder is a heavy one, and it belongs to Lowe's alone. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Lowe's has not carried the burden.

Mitchell's complaint clearly states a claim against Henderson. She alleges that Henderson was the "store manager" of the Lowe's in Corbin, Kentucky; that his "job title, description, and duties generally included . . . managing, overseeing, supervising, and directing all operations" in the store; and that his job duties specifically included "the proper and safe advertising, marketing, distribution, and sale of Great Stuff foam sealant." Complaint ¶ 7. She further alleges that Henderson "was negligent in allowing" Great Stuff "to be advertised, marketed, distributed, and sold" in the store, and in "failing to adequately warn of [the product's] dangers." *Id*. ¶ 15. Henderson "should have known of the defective and unreasonably dangerous condition" of the Great Stuff, Mitchell claims, "by virtue of likely prior complaints and lawsuits concerning the [product's] safety." *Id*. ¶ 23. These allegations state, at a minimum, a negligence claim against Henderson. If, as Mitchell alleges, Henderson advertised, marketed, and allowed to be sold a product that he knew to be dangerous, a jury could find that he breached that "universal duty" which "every person

2

owes . . . to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell*, 736 S.W.2d 328, 330 (Ky. 1987). Just as the manager of a toy store could be found negligent for allowing an unreasonably dangerous toy—Bag O' Rusty Nails, for example—to remain on the shelves, so too could Mitchell prevail against Henderson if she can prove up the allegations in her complaint.

In its response to Mitchell's motion to remand, Lowe's relies on three cases to support its argument that Mitchell has not stated a claim against Henderson. None of the cases are on point. In *Cammack New Liberty, LLC v. Vizterra, LLC*, No. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009), the court found fraudulent joinder because the complaint did not contain any specific allegations of wrongdoing on the part of the non-diverse defendant. In *Maiden v. North American Stainless*, 183 F. App'x 485, 486 (6th Cir. 2005), the court found fraudulent joinder because, again, the plaintiff's complaint "neither sought any relief directly from [the non-diverse defendant] nor alleged that [the non-diverse defendant] had acted unlawfully." Finally, in *Couch v. Purdue Pharma, LP*, No. 07-370-DCR, 2002 WL 32097529, at *1-2 (E.D. Ky. Jan. 31, 2002), the court found fraudulent joinder because the plaintiff had only alleged that the non-diverse defendant distributed an allegedly defective drug in her county, not that he had distributed it directly to her husband. These cases stand for the unremarkable proposition that, to state a claim against a non-diverse defendant, the plaintiff's complaint must specifically allege wrongdoing by that defendant which harmed the plaintiff. Mitchell did just that. She claims that Henderson was negligent in allowing Great Stuff to be advertised, marketed, and sold in his store, and she

seeks damages directly from him. Complaint ¶¶ 15, 30. *Cammack*, *Maiden*, and *Couch* therefore offer Lowe's no help.

In contrast to the inapposite cases that Lowe's cites, the Court has found several cases that are much closer to the facts presented here. The first case, *Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013 (E.D. Mo. 2008), involved a nearly identical claim to Mitchell's. The plaintiff there alleged that she contracted serious food poisoning from spinach that she purchased from Wal-Mart. *Id.* at 1016. She sued both Wal-Mart and the non-diverse manager of the store where she purchased the spinach. *Id.* The court held that the manager had not been fraudulently joined because the plaintiff's allegations—that the manager knew or should have known the spinach was contaminated because of complaints received in other stores, but nevertheless failed to remove it from the shelves—stated a plausible negligence claim against the manager. *Id.* at 1019. Similarly here, Mitchell claims that Henderson knew or should have known that the Great Stuff sealant was unreasonably dangerous because of complaints that other stores had received, and was therefore negligent for allowing it to remain on the shelves. Complaint ¶ 23.

Beyond *Hutchen*, which, like this case, involved the sale of a defective product, courts have also routinely rejected fraudulent joinder arguments in an analogous situation— where a plaintiff is injured on a store's premises (in a slip-and-fall, say) and sues both the national chain and the non-diverse store manager. *See, e.g.*, *Smith v. Petsmart, Inc.*, 278 F. App'x 377, 381 (5th Cir. 2008); *Daniel v. K-Mart Corp.*, No. 5:10-cv-127, 2010 WL 4810660, at *3 (S.D. Miss. Nov. 19, 2010); *Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp. 2d 582, 589-90 (S.D. W.Va. 2008); *Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 922 (E.D.

Mo. 2003). Although maintaining a safe store premises is slightly different from selling a defective product, the thrust of the allegations are the same—the store manager had responsibility for the customers' safety and negligently allowed an unreasonably dangerous condition to develop. Of course, all of these cases turn on state law, and none of the cases cited above involved Kentucky law. It is entirely possible that Kentucky law will not allow a plaintiff to maintain a negligence action against both a national chain and an individual store manager. But Lowe's has not cited any cases establishing that proposition, and it is not the Court's responsibility to go trolling through Kentucky case law in search of legal authority to support Lowe's arguments.

Therefore, on the face of her complaint, Mitchell has alleged a plausible claim against Henderson. But Lowe's is not done. Lowe's also asks the Court to "pierce the pleadings" and consider an affidavit from Henderson in which he states that, "[t]o [his] knowledge, [he] did not personally advertise, market, distribute, or sell Great Stuff foam sealant to . . . Mitchell." R. 2. Henderson also states that, "[t]o [his] knowledge, [he has] never met or spoken with . . . Mitchell, or represented to her that she should buy Great Stuff foam sealant," and that he "do[es] not know why . . . Mitchell has personally named [him] in this lawsuit." *Id.* Assuming that piercing the pleadings is appropriate—the Sixth Circuit has neither explicitly blessed nor forbidden the practice, but other circuits allow it, *see, e.g.*, *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)—Henderson's affidavit does not establish that Mitchell's claims against him are completely devoid of a factual basis. Henderson only states that he "did not *personally* advertise, market, distribute, or sell Great Stuff foam sealant to . . . Mitchell." R. 2 (emphasis added). But Mitchell has

5

not alleged that Henderson personally marketed or sold the Great Stuff; rather, she alleges that he was responsible for the way that the store marketed and sold the product. Lowe's has not pointed to any case law that requires a store manager to personally sell a product in order to be liable for it. Such a rule would make little sense. Surely the president of a car company could be held liable if he allowed the company to sell a car with an engine that he knows will spontaneously explode after 5,000 miles, even though he does not personally sell the car to anyone or personally craft the advertising campaign. It is the president's decision to allow the company to market and sell a car that he knows to be unsafe that subjects him to liability. Similarly, it is Henderson's alleged failure to remove a product that he knew to be unsafe from the shelves that may subject him to liability. Henderson's affidavit therefore does not demonstrate that Mitchell lacks a colorable claim against him.

But wait, one might say. Lowe's is a huge corporation with hundreds of individual store locations. Surely individual store managers have little, if any, control over the products that are stocked and how those products are marketed. This very well may be the case. But the Court cannot find fraudulent joinder based on its intuition about Lowe's corporate structure. As the removing party, Lowe's bears the burden of proving fraudulent joinder. If Lowe's had submitted evidence demonstrating that, as an individual store manager, Henderson had no control over the decision to sell Great Stuff and how the product was marketed, this might be a different case. But Lowe's has not submitted that kind of evidence, and Henderson's affidavit falls short of destroying the factual basis of Mitchell's claims against him.

## CONCLUSION

Because Lowe's has not established that Henderson was fraudulently joined, complete diversity is lacking, and so is this Court's jurisdiction. It is therefore **ORDERED** that Mitchell's motion to remand, R. 4, is **GRANTED**. This case is **REMANDED** to the Knox Circuit Court and is **STRICKEN** from the Court's active docket.

This the 19th day of July, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge